DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LYLE R. MILLER,**

                         **Plaintiff,**                     **Civil Action**

**v.**

                                       **No. 06-2399-JAR-DJW**

**UNION PACIFIC RAILROAD, et al.,**

                         **Defendants.**

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Reconsideration (doc. 101) of the Court's May 19, 2008 Order (doc. 98), which amended the Scheduling Order pursuant to the parties' Joint Motion to Amend Scheduling Order (doc. 90).  Plaintiff objects to the continuation of the trial from March 17, 2009 to June 16, 2009, asserting that the parties did not request that the trial be moved. He maintains that had he known that extending the expert witness disclosure and discovery deadlines would result in the trial being continued, he would not have joined in the Motion to Amend Scheduling Order.

## I.      Standard for Ruling on a Motion for Reconsideration

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1]  The decision whether to grant a motion to reconsider is committed to the court's sound discretion.[2]

---

[1]The Tenth Circuit has adopted the same standard.  *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

[2]*Brumark*, 57 F.3d at 944; *Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

It is well settled that a motion to reconsider is not a second chance for the losing party to ask the court to revisit issues already addressed or to consider new arguments and supporting facts that could have been presented originally.[3]  Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest case in the first instance."[4]  Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[5]

## II.      Discussion

Plaintiff does not specify the basis under which he seeks reconsideration.  The Court assumes, however, that Plaintiff's request for reconsideration is based on Plaintiff's perceived need to correct clear error or prevent manifest injustice.

The Court is not persuaded by Plaintiff's arguments in support of reconsideration.  The parties, including Plaintiff, agreed that the deadline for completing discovery would be extended to September 30, 2008.  While the parties did not specifically request to move the trial, counsel for the parties knew that the initial, January 17, 2007 Scheduling Order contained a nine and one-half month period between the discovery cut off and trial.  Plaintiff moved on April 11, 2007 to extend discovery and other deadlines, and the Court granted that request, moving the trial and leaving eight and one-half months between the discovery cut off and the new trial date.  Plaintiff consented to another motion to amend the Scheduling Order filed on April 2, 2008.  Once again, the Court

---

[3]*Servants*, 204 F.3d at 1012; *Sonnino v. Univ. of Kan. Hosp. Authority*, 221 F.R.D. 661, 664 (D. Kan. 2004).

[4]*Sonnino,* 221 F.R.D. at 664  (citing *Steinert v. Winn Group, Inc.*, No. 98-2564-CM, 2003 WL 23484638, at *2 (D. Kan. Sept. 24, 2003 (quoting *Prairie Band Potawatomi Nation v. Richards,* No. 99-4071-JAR, 2003 WL 21536881, at *1 (D. Kan. July 2, 2003)).

[5]*Servants,* 204 F.3d at 1012; *Sonnino*, 221 F.R.D. at 664,

granted the motion and moved the trial, this time leaving seven and one-half months between the discovery cut off and the new trial date.

When the parties filed their May 2, 2008 Joint Motion to Amend the Scheduling Order, the Court again accommodated the parties' request to extend discovery. In granting the parties' motion, the Court once again saw the need to move the trial setting based on the parties' request to extend discovery. This time, the Court moved the trial so as to leave eight and one-half months between the discovery cut off and trial.

In light of the above history, the Court fails to see how Plaintiff's counsel did not reasonably anticipate that moving the discovery deadline would result in the trial being moved. The eight and one-half month period between the new discovery cut off and the new June 16, 2009 trial setting is comparable to the time periods contained in the earlier Scheduling Orders entered in this case.

Based on the foregoing, the Court finds no "clear error" or "manifest injustice" in the Court moving the trial setting as it did. Accordingly, the Court finds no basis upon which to grant reconsideration. Plaintiff's Motion for Reconsideration is therefore denied, and the case remains set for trial on the June 16, 2009 trial calendar.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (doc. 101) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 30th day of May 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:    All counsel and *pro se* parties

3