DJW/1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LYLE R. MILLER,**

       **Plaintiff,**      **Civil Action**

**v.**

               **No. 06-2399-JAR-DJW**

**UNION PACIFIC RAILROAD, et al.,**

       **Defendants.**


## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Amend Complaint (doc. 88). Plaintiff seeks leave to amend his Complaint to assert a loss of consortium claim against Defendant Waste Management of Kansas, Inc. ("Waste Management"). Waste Management opposes the motion, arguing that it is untimely and that Plaintiff has failed to show good cause for extending the deadline for filing motions to amend. In the event the Court grants Plaintiff's Motion to Amend, however, Waste Management asks that Plaintiff's deposition be reopened so that Waste Management may depose him regarding his loss of consortium claim. Waste Management also requests that Plaintiff be ordered to pay the expenses and attorney's fees that Waste Management will incur as a result of reopening Plaintiff's deposition.

For the reasons set forth below, the Court grants Plaintiff leave to amend. In addition, the Court directs Plaintiff to appear for his deposition in Kansas City, Missouri to be deposed regarding his loss of consortium claim. The Court, however, declines to award Waste Management any fees or expenses that it incurs in connection with the deposition.

## I.        Background Facts

This action arises out of an accident involving a train of Defendant Union Pacific Railroad Company ("Union Pacific") and a Waste Management garbage truck that occurred at a railroad crossing on June 3, 2006.  Plaintiff was the conductor of the train, and alleges that he was severely injured as a result of the accident.  He asserts claims against Union Pacific under the Federal Employers' Liability Act and the Federal Locomotive Inspection Act and against Waste Management for common law negligence.

Plaintiff filed this action on September 20, 2006.  A Scheduling Order was issued on January 17, 2007, in which the Court set a February 15, 2007 deadline for filing motions for leave to amend the pleadings.[1]  Although the Scheduling Order was later amended on three separate occasions, the deadline for amending the pleadings was not changed.

At present, the deadline for completing discovery is September 30, 2008, and the pretrial conference is scheduled for October 23, 2008.[2]  Trial is set for June 16, 2009.[3]

Plaintiff underwent major surgery relating to his injuries on February 22, 2007 and August 30, 2007.  Defendants took Plaintiff's deposition over the course of two days, on October 25, 2007 and December 18, 2007.  Because Plaintiff had not asserted any loss of consortium claim at that time, he was not deposed in any detail regarding any of those issues.  Plaintiff's wife has not been deposed.

---

[1]Scheduling Order (doc. 17), ¶ 3.a.

[2]Am. Scheduling Order (doc. 98).

[3]*Id.*

## II.        Standard for Ruling on a Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a)(2), once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[4]   Rule 15(a)(2) specifies that the court "freely give leave when justice so requires."[5] Nonetheless, a court may refuse to grant leave to amend based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[6]   The purpose of Rule 15(a) "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[7]

When the deadline for amending pleadings set in the scheduling order has passed, as is the case here, Federal Rule of Civil Procedure 16(b)(4) is implicated.  Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[8]  In *Minter v. Prime Equipment Co.,*[9] the Tenth Circuit expressly declined to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the

---

[4]Fed. R. Civ. P. 15(a)(2).

[5]*Id.*

[6]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)).

[7]*Id.* (quoting *Hardin v. Manitowoc-Forsythe Corp*., 691 F.2d 449, 456 (10th Cir. 1982)).

[8]Fed. R. Civ. P. 16(b)(4).  In addition, the Scheduling Order in this case states that the schedule "shall not be modified except by leave of court upon a showing of good cause."  Doc. 17 at p. 10.

[9]451 F.3d 1196, 1205 (10th Cir. 2006).

amendment under Rule 16(b) in addition to the Rule 15(a) requirements," as that issue was not argued by the parties.[10]

This Court has in the past applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when faced with a request to amend a complaint past the scheduling order deadline.[11]  This practice has continued after the *Minter* decision.[12]  Thus, when a motion to amend is filed beyond the scheduling order deadline, this Court must first determine whether the moving party has established "good cause" within the meaning of Rule 16(b)(4) so as to justify allowing the untimely

---

[10]*Id.* at n. 4.

[11]*See, e.g., Lone Star Steakhouse and Saloon, Inc. v. Liberty Mut. Ins. Group*, No. 02-1185-WEB, 2003 WL 21659663, at *2 (D. Kan. Mar. 13, 2003) ("When a party seeks leave to amend after the deadline established in a pretrial scheduling order, however, that party must satisfy the standards set forth in Fed. R. Civ. P. 16(b), as well as Fed. R. Civ. P. 15(a)."); *Deghand v. Wal-Mart Stores, Inc.*, 904 F.Supp. 1218, 1221 (D. Kan. 1995) ("Because the plaintiff sought leave to amend her complaint after the deadline established in the pretrial scheduling order, Rule 16 of the Federal Rules of Civil Procedure is the plaintiff's first hurdle. . . .  Rule 15 is the next hurdle for the plaintiff.").

[12]*See, e.g., Wilson v. Wal-Mart Stores, Inc.,* No. 07-2263-JWL, 2008 WL 2622895, at *2-3 (D. Kan. June 30, 2008) (recognizing that "[c]ourts in this District apply the standards set forth in Federal Rules of Civil Procedure 15(a) and 16(b) when the motion to amend a complaint is filed after the scheduling deadline" and denying motion to amend where plaintiff failed to show good cause for filing motion to amend seven months after the amendment deadline); *Ice Corp v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 4570930, at *2 (D. Kan. Dec. 27, 2007) ("When a motion to amend is filed out of time, the court must examine the liberal amendment policy of Fed. R. Civ. P. 15(a) in conjunction with the good cause standard of Fed.R.Civ.P. 16(b)."). (internal quotations and citations omitted); *Boatright v. Larned State Hosp.*, No. 05-3183-JAR, 2007 WL 2693674, at *5 (D. Kan. Sept. 10, 2007) ("[C]ourts in the District of Kansas have routinely held that when considering a motion to amend filed after the deadline established in a scheduling order, the court must determine whether 'good cause' within the meaning of Fed. R. Civ. P. 16(b) has been sufficiently demonstrated to justify allowing the untimely motion and if the Fed. R. Civ. P. 15(a) standards have been satisfied.") (internal quotations and citations omitted); *In re Urethane Antritrust Litig.,* No. 04-MD-1616-JWL, 2007 WL 1424327, at *3-5 (D. Kan. May 14, 2007) (applying Rules 15(a) and 16(b)(4) to deny motion to amend where motion was filed substantial period after scheduling order deadline).

motion.  Only after determining that good cause has been established will the Court proceed to determine if the more lenient Rule 15(a) standard for amendment has been satisfied.[13]

To establish good cause under Rule 16(b)(4), the moving party must show that the deadline could not have been met even if it had acted "with due diligence."[14]  "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[15]  Furthermore, the lack of prejudice to the nonmovant does not show "good cause."[16]  A district court's determination as to whether a party has established good cause sufficient to modify a scheduling order amendment deadline is within the court's discretion, and will be reviewed only for the abuse of discretion.[17]

## III.    The Parties' Arguments

Plaintiff asserts that it was not until significantly after the February 15, 2007 amendment deadline that he became fully aware of the facts necessary to assert a claim for loss of consortium. As Plaintiff testified in his deposition, he underwent major surgery on February 22, 2007 and again

---

[13]*See Boatright*, 2007 WL 2693674, at *6 (recognizing the Rule 15(a) standard as more lenient than the "good cause" standard of Rule 16(b)); *Geer v. Challenge Fin. Inv. Corp.*, No. 05-1109-JTM, 2007 WL 1149131, at *2 (D. Kan. Apr. 18, 2007) (same).

[14]*Boatright,* 2007 Wl 2693674, at *5; *accord Lone Star Steakhouse*, 2003 WL 21659663, at *2 (party moving to amend after the scheduling order deadline "must show that despite due diligence it could not have reasonably met the scheduled deadlines."); *Deghand*, 904 F.Supp. at 1221 (the moving party "must show that despite due diligence it could not have reasonably met the scheduled deadlines.").

[15]*Lone Star Steakhouse*, 2003 WL 21659663, at *2 (quoting *Johnson* v. *Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)); *accord Deghand*, 904 F.Supp. at 1221.

[16]*Lone Star Steakhouse,* 2003 WL 21659663, at *2; *Deghand*, 904 F. Supp. at 1221 (citations omitted).

[17]*Ingle v. Dryer*, No. 07-cv-00428-LTB-CBS, 2008 WL 1744337, at *2 (D. Colo. Apr. 11, 2008) (citing *Burks v. Okla. Publ. Co.*, 81 F.3d 975, 978-79 (10th Cir. 1996)).

on August 30, 2007 to treat injuries allegedly caused by the accident at issue.  Plaintiff argues that it was not until after "the two surgeries and their respective recovery periods [that Plaintiff] became aware that he had sufficient facts to assert a claim for the loss of impairment of his ability to perform services and the services as a spouse."[18]  He also asserts that Waste Management will not be prejudiced by his amendment, as the case is not set for trial until June 16, 2009.  Furthermore, he states that he will make himself available for additional deposition questioning relating to his loss of consortium claim.  He also notes that Defendants have yet to depose his wife, Sandra Miller, and that there is still time before discovery closes on September 30, 2008 for Waste Management to depose her regarding the loss of consortium claim.  Finally, Plaintiff argues that it would be unjust if Plaintiff were to be denied the opportunity to recover his full damages.

Waste Management, on the other hand, argues that Plaintiff has unduly delayed in bringing his Motion to Amend, as Plaintiff knew, or should have known, of the information he relies upon to support his proposed amendment "since the beginning of this litigation."[19]  Moreover, Waste Management claims that Plaintiff has failed to explain why he could not have filed his motion months ago.  Finally, Waste Management asserts that it will be "substantially and severely prejudiced" by this late amendment, particularly since it has already deposed Plaintiff.[20]

## IV.    Analysis

The deadline for filing motions to amend was February 15, 2007.  Plaintiff did not file the instant motion until April 23, 2008, more than fourteen months after the deadline.  Thus, the Court

---

[18]Pl.'s Reply (doc. 99) at p. 3.

[19]Waste Management's Mem. in Opp'n to Pl.'s Mot. to Amend (doc. 92) at p. 4.

[20]*Id.*

must first determine whether Plaintiff has established "good cause" within the meaning of Rule 16(b)(4) that would justify allowing Plaintiff to file his motion beyond the February 15, 2007 deadline. Only after determining that Plaintiff has established good cause for filing his motion out of time, will the Court proceed to determine if the more lenient Rule 15(a) standard for amendment has been satisfied.[21]

As noted above, to establish good cause, Plaintiff is required to show that he could not, with due diligence, have met the February 15, 2007 amendment deadline.[22] The Court finds that Plaintiff has met this burden. Plaintiff did not have his first surgery until February 22, 2007, which was after the amendment deadline. His second surgery did not take place until August 30, 2007. Obviously, recovery periods followed both of those major surgeries. Plaintiff does not provide any details regarding his recovery periods and how long they lasted. Nonetheless, the Court concludes that Plaintiff has provided a plausible and reasonable explanation for why he did not know of the facts supporting his loss of consortium claim, and why he did not file his motion, prior to the February 15, 2007 deadline. Accordingly, the Court finds that Plaintiff could not have met the February 15, 2007 deadline, even with due diligence, and that Plaintiff has therefore satisfied Rule 16(b)(4)'s good cause standard. The Court will now proceed to determine whether Plaintiff can satisfy the liberal, and more lenient, requirements for amending under Rule 15(a).

As noted above, Waste Management contends that the amendment should be denied because (1) amendment at this late date will result in prejudice to Waste Management, and (2) Plaintiff

---

[21]*See, supra,* notes 11-13.

[22]*See, supra,* notes 11-12.

unduly delayed in bringing the motion.  The Court will first examine whether Waste Management will be prejudiced.

The Supreme Court has observed that "Rule 15 . . . was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[23]  Thus, the Tenth Circuit has held that "[the] most important factor in deciding a motion to amend the pleadings is whether the amendment would prejudice the nonmoving party."[24]  Courts in this circuit "typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment."[25]  This occurs most often "when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[26]  The party opposing the amendment has the burden of showing prejudice.[27]

Waste Management asserts that it would be "substantially and severely prejudiced" if the amendment is allowed.[28]  It offers no support for this conclusory allegation, however.  It merely

---

[23]*U.S. v. Hougham*, 364 U.S. 310, 316 (1960).

[24]*Minter,* 451 F.3d at 1207.

[25]*Id.* at 1207; *see also Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004) ("Prejudice under Rule 15 means undue difficulty in defending a lawsuit because of a change of tactics or theories on the part of the other party.") (citations omitted).

[26]*Id.*

[27]*Rural Water Dist. No. 4 v. City of Eudora, Kan.,* No. 07-2463-JAR-DJW, 2008 WL 1867984, at *3 (D. Kan. Apr. 24, 2008); *Acker v. Burlington N. & Santa Fe. R. Co.,* 215 F.R.D. 645, 654 (D. Kan. 2003).

[28]Waste Management's Opp'n to Pl.'s Mot. to Amend (doc. 92) at p. 4.

states that it "has been preparing its case based upon theories and claims set forth in Plaintiff's original Complaint, which was filed in September of 2006."[29]

The Court does not find that the scope and nature of this case will be radically altered if Plaintiff is granted leave to amend.  Plaintiff's proposed loss of consortium claim arises out of the same personal injuries alleged to have been caused by the accident and will not require the joinder of Plaintiff's wife.[30]  Moreover, Defendant has failed to show any undue difficulty it will confront in defending against the proposed loss of consortium claim.  Plaintiff has agreed to make himself available for another deposition so that Waste Management may question him regarding his claim.  As discovery does not close until September 30, 2008 and the pretrial conference is not set until October 23, 2008, Waste Management will have sufficient time to re-depose Plaintiff about his new claim.  It will also have sufficient time to depose Plaintiff's wife, if it so chooses.[31]  In short, the Court concludes that Waste Management has not met its burden to show that it will suffer undue prejudice if Plaintiff is permitted to amend his complaint to plead a loss of consortium claim.

The Court will now consider whether Plaintiff has unduly delayed in filing his .  The Tenth Circuit in *Minter, supra*, recently examined the law regarding undue delay as a consideration in deciding whether to grant leave to amend.  The Tenth Circuit summarized the law as follows:

---

[29]*Id.*

[30]*See McGuire v. Sifers*, 235 Kan. 368, 385 (1984) (citing K.S.A. 23-205) ("The right to recover for loss of consortium vests in the spouse who files an action for personal injuries, not in the spouse who actually suffers the loss of consortium.").

[31]If the parties are unable to schedule the depositions within the discovery period, the Court will entertain a motion to extend discovery for this purpose.  The extension of discovery will not prejudice any party with respect to preparation of the pretrial order or participation in the pretrial conference, as the conference will not take place until October 23, 2008.

In *Foman*, the Supreme Court listed "undue delay" as one of the justifications for denying a motion to amend. Emphasis is on the adjective: Lateness does not of itself justify the denial of the amendment. Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. However, a party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time. The longer the delay, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend.[32]

The Tenth Circuit went on to hold that courts "properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'"[33] It also stated that a court may properly deny leave to amend when the plaintiff attempts to "salvage a lost case by untimely suggestion of new theories of recovery,[34] presents "theories seriatim" in an effort to avoid dismissal,[35] or knowingly delays raising an issue until the eve of trial.[36]

Finally, the Tenth Circuit has held that in addressing the issue of delay, a court must balance two competing considerations: "Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but equal attention should be given to the proposition that there must be an end finally to a particular litigation."[37]

Upon consideration of these rules and the parties' arguments, the Court is not persuaded that denying leave to amend on grounds of undue delay is warranted here. As discussed above in connection with the "good cause" requirement of Rule 16(b)(4), Plaintiff has provided a reasonable

---

[32]*Minter*, 451 F.3d at 1205  (internal citations and quotation marks omitted)).

[33]*Id*. (quoting *Viernow v. Euripides Dev. Corp*., 157 F.3d 785, 800 (10th Cir. 1998)).

[34]*Id*. (quoting *Hayes v. Whitman*, 264 F.3d 1017, 1027 (10th Cir. 2001)).

[35]*Id*. (quoting *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994)).

[36]*Id*. (quoting *Walters v. Monarch Life Ins. Co.*, 57 F.3d 899, 903 (10th Cir. 1995)).

[37]*Pallottino,* 31 F.3d at 1027 (internal quotations and citation omitted).

10

explanation as to why he did not include his loss of consortium claim in his initial Complaint and why he could not have met the February 15, 2007 amendment deadline, even with diligence. Plaintiff's first surgery occurred on February 22, 2007 and his second on August 30, 2007. Taking into consideration the recovery periods following those surgeries, it is plausible that Plaintiff did not know the nature and extent of his ability to perform services until he filed the instant motion in the spring of 2008. While an argument could be made that Plaintiff has not explained why he waited several months after the latter surgery to file his motion — even taking into consideration his recovery period — the Court finds that none of the reasons discussed in *Minter* for denying leave is present here. There is nothing in the record to indicate that Plaintiff is improperly using Rule 15 to make his complaint "a moving target" or that he is trying to avoid dismissal of, or attempting to salvage, a meritless claim by untimely proposing a new theory of recovery. Also, given that trial is not set until June 16, 2009, it cannot be said that Plaintiff is attempting to insert new issues into the case on the eve of trial.

In light of these considerations and the lack of prejudice to Waste Management and lack of burden to the Court if the proposed amendment is allowed, the Court believes that justice will be served by allowing Plaintiff leave to amend. The Court, in its discretion, therefore holds that Plaintiff's  should be granted.

## V.     Reopening Plaintiff's Deposition

As noted above, in the event the Court grants Plaintiff leave to amend, Waste Management requests that the Court direct Plaintiff to appear again for his deposition so that Waste Management may question Plaintiff regarding his loss of consortium claim. Waste Management requests that Plaintiff be directed to appear for his deposition in Kansas City, Missouri, and that Plaintiff

11

reimburse Waste Management for the expenses and attorney's fees it will incur as a result of the deposition.

As noted above, Plaintiff is agreeable to having his deposition reopened so that Waste Management may question him regarding his loss of consortium claim. The Court therefore directs that Plaintiff make himself available to be deposed by Waste Management for this purpose.

The Court will now turn to Waste Management's request that Plaintiff be directed to reimburse it for the fees and expenses it will incur as a result of that deposition. Waste Management does not cite any authority for this request, and Plaintiff does not discuss the request in his reply brief. Rule 15 does not explicitly permit a court to impose conditions on an amendment or to award expenses or fees. The Tenth Circuit, however, has held that "it is within a court's discretion to impose 'reasonable conditions' on a grant of leave to amend."[38] Despite the Tenth Circuit's holding, this Court has been unable to find any published Tenth Circuit decision in which it addresses the propriety of conditioning an amendment upon an amending party's payment of costs or fees to the opposing party.[39] The Court has also been unable to locate any published cases from this District imposing fees or costs as a condition on a Rule 15 amendment. Although several Judges in this District have been asked to award such expenses, there are no reported decisions indicating that a Judge has done so.[40]

---

[38]*Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1386 (10th Cir. 1980) (*quoting Chicago Pneumatic Tool Co. v. Hughes Tool Co.*, 192 F.2d 620, 631 (10th Cir. 1951)).

[39]In *Mountain View,* the Tenth Circuit held it was error for the trial court to require the plaintiff to file, as a condition of being allowed to amend, a factual certification and sworn statement setting forth all facts presently known by the plaintiff. 630 F.2d at 1385-86. In *Chicago Pneumatic Tool*, the Tenth Circuit held the trial court acted within its sound discretion in conditioning a plaintiff's amendment upon limiting the plaintiff's trial by jury to the issue of damages. 192 F.2d at 631.

[40]*See U.S. ex rel. Smith v. Boeing Co.*, No. Civ. A. 05-1073-WEB, 2006 WL 542851, at *5 (continued...)

Courts in other circuits, however, have awarded fees and costs as a condition of allowing plaintiffs to amend their complaint in order to compensate the opposing party for the expenses it incurred because the original pleading was faulty.[41]   Such an award allows the court to balance the interests of the party seeking the amendment against those of the opposing party, and permits the moving party to have its claims heard while alleviating some, if not all, of the burden to the opposing party.   As one commentator has stated:

> The statement in Rule 15(a) that "leave shall be freely given when justice so requires" presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the

---

[40](...continued)
(D. Kan. Feb. 27, 2006) ("The court has also considered defendants' request that Relators be ordered to pay defendants' attorneys fees in connection with the amendment of the complaint, but the court is not persuaded that a basis for such an award has been demonstrated."); *Whitmire v. Allied Security, Inc.*, No. Civ. A. 03-2183-KHV, 2003 WL 22462501, at *2, n.1 (D. Kan. Sept. 5, 2003) ("Defendant does not specify the legal authority for its request [for fees and expenses], and because the allegations in plaintiff's original complaint are not clearly insufficient as a matter of law, the Court declines to condition amendment of plaintiff's complaint on his payment of defendant's attorneys' fees and expenses."); *Hill v. McHenry*, No. 99-2026-JWL, 1999 WL 588193, at *4 (D. Kan. July 23, 1999) (denying without discussion defendant's request that amendment be conditioned on plaintiff's payment of defendant's fees incurred in preparation and filing of defendant's dispositive motions).

[41]*See, e.g., Gen. Signal Corp. v. MCI Telecomm. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995) (upholding district court's conditioning of amendment on plaintiff's payment of fees incurred by defendants in preparing responsive pleadings repeatedly rendered moot by plaintiff's prior filings and amendments); *Boyce v. Augusta-Richmond County*, 111 F. Supp. 2d 1363, 1376-77 (S.D. Ga. 2000) (allowing defendant to recover expenses and fees related solely to discovery on claims plaintiff sought to drop by way of amendment); *Mohideen v. Am. Airlines, Inc.*, No. 99 Civ. 0016-HB-FM, 1999 WL 714089, at *3 (S.D. N.Y. Sept. 14, 1999) (conditioning amendment upon plaintiffs' agreement to pay fees and costs associated with defendant's answer to amended complaint and continuation of deposition); *see also Dennis v. Dillard Dep't Stores, Inc*., 207 F.3d 523, 526 (8th Cir. 2000) (in holding that district court abused its discretion in denying defendant leave to amend its answer, the Eight Circuit noted that the district court could have ordered the defendant to pay any costs incurred by plaintiff as a result of additional discovery caused by the amendment).

interests of the party seeking the amendment and those of the party objecting to it. The imposition of terms often will further the rule's liberal amendment policy.[42]

The Court does not find that an award of attorney's fees and expenses would be appropriate here. A significant portion of the fees and expenses that Waste Management will incur in deposing Plaintiff about his loss of consortium claim would have been incurred had Plaintiff pled the claim initially. To now shift the burden of those fees and expenses to Plaintiff merely because he chose to amend his Complaint would be incompatible with the liberal amendment policy of Rule 15(a).

Finally, the Court will consider Waste Management's request that Plaintiff be directed to appear for his deposition in Kansas City, Missouri. Waste Management does not explain why it requests that the deposition take place in Kansas City. The Court presumes that the request is made for the convenience of Waste Management's counsel, who office in Kansas City, Missouri. Plaintiff's reply brief does not address Waste Management's request. As Plaintiff does not appear to oppose appearing for his deposition at that location, the Court will grant Waste Management's request.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend (doc. 88) is granted. Plaintiff shall file his First Amended Complaint within **three (3) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall make himself available for his deposition regarding his loss of consortium claim and that said deposition shall take place in Kansas City, Missouri, at the offices of Waste Management's counsel.

**IT IS FURTHER ORDERED** that Waste Management's request for attorney's fees and expenses related to re-deposing Plaintiff is denied.

---

[42]6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1486 at pp. 605-06 (2d ed. 1990).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 12th day of September 2008.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties