DJW/1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LYLE R. MILLER,**

                    **Plaintiff,**                        **Civil Action**

**v.**

                                             **No. 06-2399-JAR-DJW**

**UNION PACIFIC RAILROAD
COMPANY, et al.,**

                    **Defendants.**

### MEMORANDUM AND ORDER

Pending before the Court is the Amended Motion for Protective Order (doc. 114) filed by Defendant Union Pacific Railroad Company ("Union Pacific").  Union Pacific seeks a protective order relieving it from the obligation to produce a corporate representative to testify as requested in the Rule 30(b)(6) deposition notice served on Union Pacific by Defendant Waste Management of Kansas, Inc. ("Waste Management") (doc. 94).  For the reasons set forth below, the Court denies the motion.

## I.      Introduction and Factual Background

This action arises out of a collision involving a Union Pacific train and a Waste Management truck at a railroad crossing on June 3, 2006.  Plaintiff, who was the conductor of the train, alleges that he was severely injured as a result of the collision.  He asserts claims against Union Pacific under the Federal Employers' Liability Act. and the Federal Locomotive Inspection Act.[1]  In

---

[1]*See* Am. Compl. (doc. 142), Counts I & II.  Plaintiff indicated at the recent pretrial conference that he is dismissing his claims under the Federal Locomotive Inspection Act.

addition, he asserts claims against Waste Management for common law negligence and loss of consortium.[2]

Waste Management has filed a cross-claim against Union Pacific for common law negligence.[3]  Union Pacific has filed a cross-claim against Waste Management for contribution/comparative implied indemnity and negligence.[4]

On May 8, 2008, Waste Management filed and served on Union Pacific a Notice of Videotaped Deposition Duces Tecum of Corporate Representative(s) (doc. 94) ("Deposition Notice").  It listed the following matters on which testimony would be taken:

1.   Complaints made by Eric Taylor and Donald Tidquist to Union Pacific's employee(s) on or about May 27, 2006 (as referenced in the Kansas Highway Patrol Accident Report and the statements of same taken by Union Pacific) regarding the vegetation and resultant poor visibility in the area of the subject collision.

2.   Complaints made by any person or entity to Union Pacific regarding the vegetation and resultant poor visibility in the area of the subject collision.

3.   The identity of all Union Pacific employees to whom complaints would have been made regarding the vegetation in the area of the collision and/or visibility at the subject crossing.

4.   Ownership of the railroad tracks at the subject crossing.

5.   Maintenance of the railroad tracks at the subject crossing.

6.   Ownership of the right-of-way at the subject crossing.

7.   Maintenance of the right-of-way at the subject crossing.

---

[2]*See id.*, Counts III & IV.

[3]*See* Waste Management's Answer and Cross-Claim (doc. 10).

[4]*See* Union Pacific's Cross-Claim (doc. 13).

2

8.      Union Pacific's policies concerning the maintenance of foliage, trees . . . or grass around private railroad crossings.

9.      Union Pacific's policies concerning the maintenance of foliage, trees . . . or grass around public railroad crossings.

10.     Union Pacific's policies, procedures and/or programs in place at the time of the collision for identifying limitations in sight distance(s) for motorists and/or train crews at the subject crossing.

11.     The identity of all entities and/or employees whose duty it was to inspect, maintain and/or control the vegetation in the area of the subject collision.

12.     The identify [sic] of all track supervisors for the Union Pacific within the United States for the time period of May 20, 2006 through June 3, 2006, inclusive.

13.     The identify [sic] of all track supervisors for the Union Pacific within the State of Kansas for the time period of May 20, 2006 through June 3, 2006, inclusive.

14.     The identify [sic] of all persons to whom track supervisors for the Union Pacific reported to within the State of Kansas for the time period of May 20, 2006 through June 3, 2006, inclusive.

15.     Any and all statements taken by Union Pacific as a result of the subject collision.[5]

Union Pacific asserts objections to each of these topics and argues that those objections entitle it to a protective order.   Each of Union Pacific's objections is discussed below.

II.     **Applicable Law**

A.      **Standard for Ruling on a Motion for Protective Order**

Federal Rule of Civil Procedure 26(c)(1) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue

---

[5]Dep. Notice (doc. 94).

burden or expense . . . ."[6]  The party seeking a protective order has the burden to show good cause

for it.[7]  To establish good cause, a party must make "a particular and specific demonstration of fact,

as distinguished from stereotyped and conclusory statements."[8]

The court has broad discretion to decide when a protective order is appropriate and what

degree of protection is required.[9]  The Supreme Court has recognized that "[t]he trial court is in the

best position to weigh fairly the competing needs and interests of the parties affected by discovery.

The unique character of the discovery process requires that the trial court have substantial latitude

to fashion protective orders."[10]  Notwithstanding this broad grant of discretion, a court may issue

a protective order only if the moving party demonstrates that the basis for the protective order falls

within one of the specific categories enumerated in the Rule, i.e., that the requested order is

necessary to protect the party "from annoyance, embarrassment, oppression, or undue burden or

expense."[11]

**B.     The Law Regarding Rule 30(b)(6) Depositions**

Federal Rule of Civil Procedure 30(b)(6) sets forth the procedure for deposing a corporation

or other business organization such as Union Pacific.  The Rule provides as follows:

---

[6]Fed. R. Civ. P. 26(c)(1).

[7]*Reed v. Bennett*, 193 F.R.D. 689, 691 (D. Kan. 2000).

[8]*Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981).

[9]*MGP Ingredients, Inc. v. Mars, Inc*., 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[10]*Seattle Times*, 467 U.S. at 36.

[11]*ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)); *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

In its notice or subpoena, a party may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination.  The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . .   The persons designated must testify about information known or reasonably available to the organization.[12]

With respect to a Rule 30(b)(6) deposition, no distinction exists between the designated corporate representative and the corporation.[13]  During the Rule 30(b)(6) deposition, the designated corporate representative does not give his or personal opinion like an individual does, but rather presents the corporation's position on the topic.[14]  In other words, '[t]he designee testifies on behalf of the corporation and thus holds it accountable."[15]  Most importantly, the designated representative's testimony is binding on the corporation.[16]  In contrast, the testimony of a corporation's employee, when taken in his or her individual capacity, does not bind the corporation.[17]

Corporations have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them to fully answer questions

---

[12]Fed. R. Civ. P. 30(b)(6).

[13]*Sprint Commc'ns Co., L.P. v. Vonage Holdings Corp.,* No. 05-2433-JWL-DJW, 2007 WL 2333356, at *5 (D. Kan. Aug. 15, 2007); *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 527 (D. Kan. 2006) (citations omitted).

[14]*Vonage,* 2007 WL 2333356, at *5; *Theglobe,* 236 F.R.D. at 527.

[15]*Theglobe,* 236 F.R.D. at 527 (citing *Starlight Int'l, Inc., v. Herlihy*, 186 F.R.D. 626, 638 (D. Kan. 1999); *Audiotext Commc'ns Network, Inc. v. U.S. Telecom, Inc.*, 94-2395-GTV, 1995 WL 625962, at *13 (D. Kan. Oct. 5, 1995); *Media Servs. Group, Inc. v. Lesso, Inc.*, 45 F. Supp. 2d 1237, 1253 (D. Kan. 1999)).

[16]*ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR-KGS, 2007 WL 1500311, at *4 (D. Kan. May 21, 2007); *Theglobe*, 236 F.R.D. at 528.

[17]*Sabre v. First Dominion Capital, LLC*, No. 01 Civ. 2145 (BSJ) (H), 2002 WL 31556379, at *2 ( S.D. N.Y. Nov. 15, 2002).

in a non-evasive manner about the designated subject matter.[18]  Notably, and because Rule 30(b)(6) explicitly requires a corporation to designate persons to testify on its behalf as to all matters reasonably available to it,[19] this Court has held that the Rule "requires persons to review all matters known or reasonably available to [the corporation] in preparation for the 30(b)(6) deposition."[20] Whether the corporate designee has personal knowledge of the designated subject matter is of no consequence.[21]  If need be, the corporation must prepare its designees by having them review prior fact witnesses' deposition testimony as well as documents and deposition exhibits.[22]

## III.    Analysis

### A.    Topic 1

Topic 1 seeks testimony regarding "[C]omplaints made by Eric Taylor and Donald Tidquist to Union Pacific's employee(s) on or about May 27, 2006 . . . regarding the vegetation and resultant poor visibility in the area of the subject collision."  It is undisputed that the Kansas Highway Patrol Accident Report regarding the collision indicates that Mr. Taylor and Mr. Tidquist had complained to Union Pacific's employees about the vegetation and poor visibility at the crossing.  The Report indicates that they made the complaints on or about May 27, 2006, a few days prior to the June 3, 2006 collision.

---

[18]*Univ. of Kan. v. Sinks*, 565 F. Supp. 2d 1216, 1226 (D. Kan. 2008); *Starlight,* 186 F.R.D. at 639.

[19]Fed. R. Civ. P. 30(b)(6).

[20]*Theglobe,* 236 F.R.D. at 527-28 (citing *T & W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car Midwest, Inc.*, 210 F.R.D. 730, 734 (D. Kan. 2002)).

[21]*Id.* at 528.

[22]*Id.* (citing *U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996)).

6

Union Pacific objects to providing a representative to testify regarding this topic on the basis that Plaintiff and Waste Management have previously deposed certain Union Pacific employees, i.e., the Manager of Track Maintenance (Larry Huddleston), the Track Inspector (Elmer Hulse), and the Relief Track Inspector (David Anderson), and that none of them had any knowledge of any such complaints. In light of their testimony, Union Pacific objects to producing still "another individual" to testify regarding the alleged complaints of Mr. Taylor and Mr. Tidquist.[23] It objects to producing "any additional witnesses" as it "has no knowledge as to whom Mr. Taylor and Mr. Tidquist made these alleged complaints on or about May 27, 2006."[24]

The Court finds this objection to be without merit and not a sufficient basis for a protective order. As noted above, a Rule 30(b)(6) deposition presents the testimony of the corporation and is binding on the corporation. It is separate and distinct from the deposition of an individual employee. Here, only three individual employees have testified as to the lack of complaints. Their testimony is their own, individual testimony, and is not that of the corporation. Thus, it is not binding on the corporation. Waste Management is entitled to know what the corporation's position is on this topic, and a Rule 30(b)(6) deposition is the proper vehicle to determine that position. In short, the fact that individually-named witnesses have testified concerning a subject is no obstacle to a 30(b)(6) deposition on the same subject.[25]

---

[23]Am. Mot. for Prot. Order (doc. 114) at p. 3.

[24]*Id.*

[25]See *ICE Corp.,* 2007 WL 1500311, at *3 (fact that party has already taken depositions of individuals does not insulate corporation from producing the same individuals as corporate representatives to give Rule 30(b)(6) depositions on the same topics).

To the extent Union Pacific contends that no one within the corporation has any knowledge of any complaints from Mr. Taylor or Mr. Tidquist,[26] then Union Pacific may designate a corporate representative to testify to that effect.[27]   Union Pacific's Motion for Protective Order is therefore denied as to Topic 1.

**B.     Topic 2 and 3**

Topic 2 is similar to Topic 1, but seeks testimony regarding complaints made by *any person or entity* to Union Pacific regarding the alleged vegetation and resultant poor visibility in the area of the collision.   Topic 3 seeks testimony regarding "[t]he identity of all Union Pacific employees to whom complaints would have been made regarding the vegetation in the area of the collision and/or visibility at the subject crossing."   Union Pacific objects to producing a representative to testify regarding these topics, because, again, it contends that three Union Pacific employees have already testified that they have no knowledge regarding any such complaints.   Consequently, Union Pacific argues that it should not have to produce an additional witness to testify regarding these same matters.

Again, the Court finds the fact that other individually named employees have testified concerning these topics is not an obstacle to a Rule 30(b)(6) deposition on the same subject matter. The Motion for Protective Order is therefore denied as to Topics 2 and 3.

---

[26]Union Pacific asserts in its Motion for Protective Order that "defendant has no knowledge as to whom Mr. Taylor and Mr. Tidquist made these alleged complaint on or about May 27, 2006," *See* Am. Mot. for Protective Order (doc. 114) at p. 3.

[27]*See generally Payless Shoesource Worldwide, Inc. v. Target Corp.*, No.  05-4023-JAR, 2008 WL 973118, at *12 (D. Kan. 2008) ("[T]he court will require Target to designate one or more 30(b)(6) witnesses, if necessary, to testify regarding 'accessories' as noticed in topic no. 38. To the extent that Target has no more information regarding accessories from 1992-2002, or other aspects of topic no. 38, then Target's designated Rule 30(b)(6) representative "can testify that the information sought is not known or reasonably available to Target.").

### C.      Topic 4

Topic 4 seeks testimony regarding "[o]wnership of the railroad tracks at the subject crossing."  Union Pacific objects to producing a representative to testify regarding this topic because it contends there is no dispute in this case that Union Pacific owns the railroad tracks at the crossing where the collision occurred.  It also states that Mr. Huddleston testified that his territory covered certain mileposts and that the crossing was within his territory.  In addition, it states that Union Pacific has previously produced a right-of-way track map "which indicates the track and right-of-way owned by the defendant."[28]

The Court finds this topic to be broader than simply whether Union Pacific owns the tracks where the collision occurred.  Thus, even assuming arguendo, that there is no dispute about Union Pacific's ownership of the tracks, that lack of dispute is insufficient grounds for a protective order.  Also, for the reasons discussed above, the fact that Mr. Huddleston may have provided some testimony regarding this topic is not dispositive.  In short, the Court finds that Union Pacific has not established the requisite good cause for a protective order with respect to Topic 4.  The Court therefore denies the Motion for Protective Order as to Topic 4.

### D.      Topics 5-11

These topics cover such subjects as ownership and maintenance of the railroad tracks at the subject crossing, Union Pacific's policies concerning the maintenance of foliage around private and public railroad crossings, policies for identifying limitations in sight distances for motorists and/or train crews at the subject crossing, and the identities of entities and employees whose duty it was to inspect and control the vegetation in the area of the subject collision.

---

[28]Am. Mot. for Protective Order (doc. 114) at p. 4.

Union Pacific again objects on the basis that it has already produced employees who have testified about these topics.  For the same reasons discussed above with respect to Topic 1, the Court finds Union Pacific's objections to be without merit.  The Court therefore denies the Motion for Protective Order as to Topics 5-11.

E.      **Topics 12-14**

Through Topics 12-14, Waste Management asks Union Pacific to produce a corporate representative to identify track supervisors for Union Pacific within the United States and within the state of Kansas, and to identify to whom those track supervisors report.  Union Pacific objects to these topics, arguing that the information sought is irrelevant and immaterial.  It states that  Mr. Huddleston, Mr. Hulse, and Mr. Anderson have already testified as to the identities of their supervisors and provided this information as to the territory where the collision occurred.  It contends that no purpose will be served by producing a representative to identify employees located in other territories.

Waste Management, on the other hand, contends that Topics 12-14 are proper because they may lead to the discovery of relevant, admissible evidence.  Waste Management contends that prior track supervisors (or their supervisors) might have information about this particular railroad crossing and any complaints made about it.  In particular, prior track supervisors assigned to this territory may have relocated within the company.  It maintains that these individuals may have information that would lead to the discovery of the identity or identities of those Union Pacific employees to whom Eric Taylor and Don Tidquist allegedly complained.

The Court finds that Union Pacific has failed to establish good cause for a protective order with respect to these topics.  As discussed above in Part II.A, a party may obtain a protective order only if it demonstrates that the basis for the protective order falls within one of the categories

enumerated in Rule 26(c).[29]   In other words, the protective order must be necessary to protect the party from "annoyance, embarrassment, oppression or undue burden or expense."[30]   Significantly, Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery on topics merely because those topics are irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence.[31]   When a party objects to providing discovery on the basis that the request seeks irrelevant information or is not calculated to lead to the discovery of admissible evidence, this Court has held that the validity of such an objection should be considered in the context of a motion to compel.[32]

        The only other basis that Union Pacific provides in support of its request for protective order as to these topics is that other Union Pacific employees assigned to this territory during the relevant time period have already testified in their depositions and provided this information as to the territory where the collision occurred.   As noted above, however, the fact that other individual employees may have testified regarding certain matters does not preclude a Rule 30(b)(6) deposition of the corporate representative on the same or similar issues.

---

[29]*See ICE Corp.,* 2007 WL 1652056, at *3 (quoting Fed. R. Civ. P. 26(c)); *Aikens,* 217 F.R.D. at 534.

[30]Fed. R. Civ. P. 26(c)(1).

[31]*Continental Casualty Co., v. Multiservice Corp*., No. 06-2256-CM-JPO, 2008 WL 73345, at *6 (D. Kan. Jan. 7, 2008); *Sprint,* 2007 WL 2333356, at *2; *Aikens,* 217 F.R.D. at 534.

[32]*Continental*, 2008 WL 73345, at *6; *Vonage,* 2007 WL 2333356, at *2; *Aikens,* 217 F.R.D. at 534.  Subsections (B) and (C) of Federal Rule of Civil Procedure 37(a)(3) set forth the provisions for filing a motion to compel relating to a deposition.

In light of the above, the Court finds that Union Pacific has failed to establish good cause for precluding these topics from being addressed at its Rule 30(b)(6) deposition. The Motion for Protective Order is therefore denied as to Topics 12-14.[33]

### F.    Topic 15

This topics seeks testimony as to "all statements taken by Union Pacific as a result of the subject collision." Union Pacific objects to this topic on the basis that it requests information protected by work product immunity. Waste Management counters that Union Pacific has produced statements taken by its representatives, and, thus, any work product immunity that those statements may have enjoyed has been waived. With respect to any other statements that may exist which Union Pacific contends are work product, Waste Management maintains that it is entitled to depose Union Pacific's representative about such statements in a manner that would not reveal protected information but that would allow it to assess the applicability of the claimed work product protection.

Generally speaking, this Court will deny motions for protective order based on objections that the information sought in the deposition is protected by work product immunity or attorney-client privilege, unless the requested topics, on their face, call for testimony invading the work product doctrine or attorney-client privilege.[34] Where the topics do not, on their face, seek protected

---

[33]Even if the Court were to consider Union Pacific's relevance objections to Topics 12-14, the Court would find the requested information relevant, given the liberal construction given relevance at the discovery stage. *See Collins v. Wal-Mart Stores, Inc.*, No. 06-2466-CM-DJW, 2008 WL 1924935, at 9 (D. Kan. Apr. 30, 2008) (citations omitted) (" Relevancy is broadly construed, and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party. Consequently, a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.") (internal quotations and citations omitted).

[34]*See, e.g., McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 587 (D. Kan. 2008) (denying
(continued...)

or privileged testimony, the Court will ordinarily require the deponent to appear for the deposition and raise any such objections to the specific questions posed.[35]  Counsel then has an opportunity to explore background facts concerning the immunity or privilege, and the deponent can substantiate any objections.[36]

In accordance with this policy, the Court finds that Union Pacific's blanket assertion of work product immunity to Topic 15 of the Rule 30(b)(6) Deposition Notice is premature. The Court does not find that the topic, on its face, calls for testimony invading the work product doctrine.  The Court therefore finds no basis at this time to grant the requested Motion for Protective Order on work product grounds.  The Court recognizes, however, that during the Rule 30(b)(6) deposition(s), it is possible that Waste Management might ask specific questions on this topic which would elicit privileged  information.  At that time, the deponent may assert the appropriate privilege.  The Motion for Protective Order is therefore denied as to Topic 15.

## IV.  Conclusion

The Court holds that Union Pacific has failed to demonstrate good cause to support the issuance of a protective order that would prevent the Rule 30(b)(6) deposition of Union Pacific from

---

[34](...continued)
motion for protective order as to Rule 30(b)(6) deposition and finding blanket assertions of attorney-client privilege and work product immunity premature); *Theglobe,* 236 F.R.D. at  529 (holding that blanket assertions of privilege before any questions have been asked at a 30(b)(6) deposition are premature and therefore denying motion for protective order); *Carolina Indus. Prods., Inc. v. Learjet, Inc*., No. CIV. A. 00-2366-JWL, 2001 WL 1155297, at *3 (D. Kan. Aug. 10, 2001) (denying motion for protective order on privilege grounds, finding Rule 30(b)(6) deposition topic on its face did not call for testimony invading privilege or work product immunity); *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 689 (D. Kan. 1988) ("The court will ordinarily decline a motion for protective order or to quash a [deposition] subpoena, based on the contention that the information sought is protected by the attorney-client privilege or work product doctrine.").

[35]*Carolina Indus.*, 2001 WL 1155297, at *4; *Hay*, 132 F.R.D. at 689.

[36]*Hay*, 132 F.R.D. at 689.

going forward.  Union Pacific's Motion for Protective Order is therefore denied.  Union Pacific shall designate one or more representatives to testify on its behalf regarding the topics set forth in Waste Management's Rule 30(b)(6) Deposition Notice.  The parties shall confer to determine a mutually agreeable time for the depositions(s).

## V.    Award of Expenses and Attorney's Fees

The Court has denied Union Pacific's Motion for Protective Order.  Neither Union Pacific nor Waste Management requested expenses or fees in connection with the motion.  The Court must nevertheless address the issue because Rule 37(a)(5)(B) provides for the payment of the opposing party's expenses where a motion for protective order is denied.[37]  It states that the Court, after giving an opportunity to be heard, *must* require the party filing the motion for protective order to pay the party who opposed the motion for protective order the reasonable fees and expenses that it incurred in opposing the motion for protective order, unless (1) the motion for protective order was substantially justified, or (2) other circumstances make an award of fees and expenses unjust.[38]

In this case, the Court finds that the Motion for Protective Order was substantially justified. The Court therefore declines to award Waste Management any expenses or fees.  Each party shall bear its own expenses and fees incurred in connection with the motion.

**IT IS THEREFORE ORDERED** that Union Pacific Railroad Company's Amended Motion for Protective Order (doc. 114) is denied.  Union Pacific shall designate one or more representatives to testify on its behalf regarding the topics set forth in the Rule 30(b)(6) Deposition Notice.

---

[37]Fed. R. Civ. 26(c)(3) states that Rule 37(a)(5) applies to the award of fees and expenses in connection with the filing of a motion for protective order.

[38]Fed. R. Civ. P. 37(a)(5)(B) (emphasis added).

**IT IS FURTHER ORDERED** that each party shall bear its own expenses and fees incurred in connection with the Motion for Protective Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 24th day of October 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties